# HCFA Rulings

**Department of Health and Human Services**

**Health Care Financing Administration**

Ruling No. 97-2                                                          Date: February 1997

**HCFA Rulings** are decisions of the Administrator that serve as precedent final opinions and orders and statements of policy and interpretation. They provide clarification and interpretation of complex or ambiguous statutory or regulatory provisions relating to Medicare, Medicaid, Utilization and Quality Control Peer Review, and related matters.

**HCFA Rulings** are binding on all HCFA components, Medicare contractors, the Provider Reimbursement Board, the Departmental Appeals Board, and Administrative Law Judges who hear Medicare appeals. These decisions promote consistency in interpretation of policy and adjudication of disputes.

This Ruling states the policy of the Health Care Financing Administration concerning the determination to change its interpretation of section 1886(d)(5)(F)(vi)(II) of the Social Security Act (the Act) and 42 CFR 412.106(B)(4) to follow the holdings of the United States Courts of Appeals for the Fourth, Sixth, Eighth, and Ninth Circuits. Under the new interpretation, the Medicare disproportionate share adjustment under the hospital inpatient prospective payment system will be calculated to include all inpatient hospital days of service for patients who were eligible on that day for medical assistance under a State Medicaid plan in the

Medicaid fraction, whether or not the hospital received payment for those inpatient hospital services.

HCFAR 97-2-1

**MEDICARE PROGRAM**

Hospital Insurance (Part A).

INTERPRETATION OF MEDICAID DAYS INCLUDED IN THE MEDICARE DISPROPORTIONATE SHARE ADJUSTMENT CALCULATION

**PURPOSE**: This Ruling announces the Health Care Financing Administration's (HCFA) determination to change its interpretation of section 1886(d)(5)(F)(vi)(II) of the Social Security Act (the Act) and 42 CFR 412.106(B)(4) to follow the holdings of the United States Courts of Appeals for the Fourth, Sixth, Eighth, and Ninth Circuits. Under the new interpretation, the Medicare disproportionate share adjustment under the hospital inpatient prospective payment system will be calculated to include all inpatient hospital days of service for patients who were eligible on that day for medical assistance under a State Medicaid plan in the Medicaid fraction, whether or not the hospital received payment for those inpatient hospital services.

**CITATIONS**: Section 1886(d)(5)(F) of the Social Security Act and 42 CFR 412.106(b)(4).

**PERTINENT HISTORY:** The Medicare disproportionate share hospital (DSH) adjustment calculation, which is set forth in section 1886(d)(5)(F) of the Act, has been the subject of a

---

HCFAR 97-2-2

substantial amount of litigation. The adjustment is calculated by determining a hospital's disproportionate patient percentage, which is the sum of two fractions, the Medicare fraction and the Medicaid fraction. In the Medicare fraction, the number of patient days for patients who (for those days) were entitled to both Medicare Part A and Supplemental Security Income (SSI) under Title XVI of the Act is divided by the total number of patient days for patients entitled to Medicare Part A for that same period. The Medicaid fraction consists of the number of patient days for patients who for those days "were eligible for medical assistance under a State plan approved under title XIX [Medicaid] but who were not entitled to benefits under Medicare Part A" (section 1886(d)(5)(F)(vi)(II) of the Act), divided by the total number of patient days for that same period. The Medicaid fraction is the subject of this ruling.

In implementing the calculation of the Medicaid fraction, HCFA interpreted the statutory language to include as Medicaid patient days only those days for which the hospital received Medicaid payment for inpatient hospital services. This interpretation has been considered by the courts of appeals in four judicial circuits. The initial issue in the litigation was whether HCFA should have counted days for patients who had been found to be Medicaid eligible, but who had exceeded Medicaid coverage limitations

---

HCFAR 97-2-3

on inpatient hospital days of service (and, consequently, no Medicaid payment was made for those days). In later cases, plaintiffs challenged HCFA's exclusion of any days of inpatient hospital services for patients who met Medicaid eligibility requirements, regardless of the reason for which no Medicaid payment was made. In each of the cases, the court declined to uphold HCFA's interpretation, reasoning that the statutory language "eligible for medical assistance" would include days on which the patient meets Medicaid eligibility criteria regardless of whether payment is made.

Although HCFA believes that its longstanding interpretation of the statutory language was a permissible reading of the statutory language, HCFA recognizes that, as a result of the adverse court rulings, this interpretation is contrary to the applicable law in four judicial circuits.

In order to ensure national uniformity in calculation of DSH adjustments, HCFA has determined that, on a prospective basis, HCFA will count in the Medicaid fraction the number of days of inpatient hospital services for patients eligible for Medicaid on that day, whether or not the hospital received payment for those inpatient hospital services. This would not include days for which no Medicaid payment was made because of the patient's spenddown liability, because an individual was not eligible for Medicaid at that point.

---

HCFAR 97-2-4

Pursuant to this Ruling, Medicare fiscal intermediaries will determine the amounts due and make appropriate payments through normal procedures. Claims must, of course, meet all other applicable requirements. This includes the requirement for data that are adequate to document

the claimed days. The hospitals bear the burden of proof and must verify with the State that a patient was eligible for Medicaid (for some covered services) during each day of the patient's inpatient hospital stay. As the intermediaries may require, hospitals are responsible for and must furnish appropriate documentation to substantiate the number of patient days claimed. Days for patients that cannot be verified by State records to have fallen within a period wherein the patient was eligible for Medicaid cannot be counted.

We will not reopen settled cost reports based on this issue. For hospital cost reports that are settled by fiscal intermediaries on or after the effective date of this ruling, these days may be included. For hospital cost reports which have been settled prior to the effective date of this ruling, but for which the hospital has a jurisdictionally proper appeal pending on this issue pursuant to either 42 CFR 405.1811 or 42 CFR 405.1835, these days may be included for purposes of resolving the appeal.

**RULING:** For all cost reporting periods beginning on or after February 27, 1997, the Medicare disproportionate share

HCFAR 97-2-5

adjustment will be determined by including in the calculation of the Medicaid fraction set forth in section 1886(d)(5)(F)(vi)(II) of the Act the additional days as set forth above.

HCFAR 97-2-6

### IV. EFFECTIVE DATE

This Ruling is effective __February 27__, 1997.

Dated: __2/27/97__

>  Bruce C. Vladeck,
>  Administrator,
>  Health Care Financing
>  Administration