

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671        FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Martin W. Hoover, Jr., Esq.
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

Refer to

MAY 25 2005

Case No.: 01-3257
Decision No.: 2005-D42

**CERTIFIED MAIL**

Ms. Joanne B. Erde
Duane Morris LLP
200 South Biscayne Blvd.
Suite 3400
Miami, FL 33131

RE: Rome Memorial Hospital
    Provider No.: 33-0215
    FYE - 12/31/1995

Dear Ms. Erde:

A copy of the Provider Reimbursement Review Board's decision on the above-referenced appeal is enclosed. Please see enclosure for review and appeal information.

If you have any questions, please call (410) 786-2671.

Sincerely,

Paul J. Crofton, Director
Division of Hearings and Decisions

5 Enclosures
  Final Decision Review and Appeal Information
  Decision
  42 USC 1395oo(f)
  42 CFR 405.1875 and 405.1877


RECEIVED
5/31/05

# PROVIDER REIMBURSEMENT REVIEW BOARD
## DECISION
ON THE RECORD
2005-D42

| | |
|---|---|
| **PROVIDER -** Rome Memorial Hospital, Rome, New York | **DATE OF HEARING -** April 6, 2005 |
| Provider No.: 33-0215 | Cost Reporting Period Ended - December 31, 1995 |
| vs. | |
| **INTERMEDIARY -** Blue Cross Blue Shield Association/ Empire Medicare Services | **CASE NO.:** 01-3257 |

### INDEX

| | Page No |
|---|---|
| Issue | 2 |
| Medicare Statutory and Regulatory Background | 2 |
| Statement of the Case and Procedural History | 2 |
| Findings of Fact, Conclusions of Law and Discussion | 3 |
| Decision and Order | 3 |

ISSUE:

Whether for purposes of the Provider's disproportionate share calculation, the Provider is entitled to an increased number of days of care rendered to eligible Medicaid beneficiaries.

MEDICARE STATUTORY AND REGULATORY BACKGROUND:

This is a dispute over the amount of Medicare reimbursement due a provider of medical services.

The Medicare program was established to provide health insurance to the aged and disabled. 42 U.S.C. §§1395-1395cc. The Centers for Medicare and Medicaid Services (CMS), formerly the Health Care Financing Administration (HCFA), is the operating component of the Department of Health and Human Services (DHHS) charged with administering the Medicare program. CMS' payment and audit functions under the Medicare program are contracted out to insurance companies known as fiscal intermediaries. Fiscal intermediaries determine payment amounts due the providers under Medicare law and under interpretive guidelines published by CMS. See 42 U.S.C. §1395(h); 42 C.F.R. §§413.20(b) and 413.24(b).

At the close of its fiscal year, a provider must submit a cost report to the fiscal intermediary showing the costs it incurred during the fiscal year and the proportion of those costs to be allocated to Medicare. 42 C.F.R. §413.20. The fiscal intermediary reviews the cost report, determines the total amount of Medicare reimbursement due the provider and issues the provider a Notice of Program Reimbursement (NPR). 42 C.F.R. §405.1803. A provider dissatisfied with the intermediary's final determination of total reimbursement may file an appeal with the Provider Reimbursement Review Board (Board or PRRB) within 180 days of the issuance of the NPR. 42 U.S.C. §1395oo(a); 42 C.F.R. §405.1835.

STATEMENT OF THE CASE AND PROCEDURAL HISTORY:

Rome Memorial Hospital (Provider) is a short-term acute care general hospital located in Rome, New York. On April 29, 1998 the Intermediary issued to the Provider an original Notice of Program Reimbursement (NPR) for the fiscal year ended (FYE) December 31, 1995. On July 23, 2001, Empire Medicare Services (Intermediary) issued a revised NPR to the Provider. It included an adjustment to the Provider's disproportionate share hospital adjustment (DSH) calculation on Worksheet E, Part A that increased the number of Medicaid days on Worksheet S-3, Line 1, Column 5 from 3,170 to 3,292 days. On July 30, 2001, the Provider filed a timely appeal from the revised NPR contesting the revised DSH calculation. The parties subsequently filed jurisdictional briefs, and on February 12, 2004, the majority of the Board found that the Board has jurisdiction over the medicaid eligible days issue.

Upon the issuance of the Board's February 12, 2004 jurisdictional decision, the

Page 3                                                                                                    CN.: 01-3257

remaining disputed issue before the Board was determining the correct number of eligible days that the Provider was entitled to include in its DSH calculation. On November 8, 2004, the Board received a written joint stipulation that the Provider rendered a total of 3,972 days of care to eligible Medicaid beneficiaries.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND DISCUSSION:

The Board hereby finds that the Provider rendered a total of 3,972 days of care to Medicaid eligible beneficiaries. The Board bases its decision upon the parties' November 8, 2004 stipulation.

DECISION AND ORDER:

The Board finds that the correct number of Medicaid eligible days for purposes of the DSH calculation is 3,972.

BOARD MEMBERS PARTICIPATING:

Suzanne Cochran, Esquire
Gary B. Blodgett, D.D.S.
Martin W. Hoover, Jr., Esquire
Elaine Crews Powell, C.P.A.(dissenting as to jurisdiction)
Anjali Mulchandani-West

FOR THE BOARD:

MAY 2 5 2005

Suzanne Cochran
Chairperson